JOHANNA BURGER *vs.* HARRY BRINDLE, *Ex.*

JANUARY 12, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a petition for a writ of *certiorari* directed to the superior court. It seeks to quash as illegal the record and action of that court in permitting the plaintiff in a pending law action to amend her writ by striking out the signature of the clerk appearing thereon and writing in place thereof the name of that clerk's successor in office. No question is raised as to the propriety of *certiorari* as a remedy under the existing circumstances.

It appears from the petition and the record, which has been produced in response to the writ, that the defendant below, who is the petitioner here, was the duly appointed and qualified executor of the will of Herman F. Kaiser, deceased; that the plaintiff below, Johanna Burger, hereinafter called the plaintiff, commenced an action at law within the statutory period of limitations to recover upon a claim filed against the above estate which had been disallowed; that the writ, dated February 28, 1939, bore the signature of "Matthew M. McCormick, Clerk", whereas he had ceased to be such clerk on February 2, 1939; that the defendant filed his plea in abatement, setting out the fact that Harry M. Paine was the clerk of that court on February 28 and alleging that the writ without his signature was a nullity; that, without any replication by the plaintiff and before any determination upon the plea in abatement, the court granted the plaintiff's motion to amend her writ "by allowance of the proper name of the clerk of said court in place of that of the former clerk to be written in by the present clerk"; that the defendant under the circumstances was left without any adequate remedy to have this alleged error in the exercise of jurisdiction review, except by *certiorari*.

The petitioner does not question the presence or genuiness of the seal of the court upon the writ; nor that the clerk, who signed the writ authenticating that seal, was actually the clerk of that court prior to February 2, 1939 and evidently when the writ was delivered by the clerk to the plaintiff's attorney. Nor is it denied that the writ, without any change, would have satisfied all requirements of law if another clerk had not been appointed before February 28 to take the place of the one who signed the writ.

The petitioner's sole complaint is that Harry M. Paine, on February 28, 1939, the date of the writ, was in fact the clerk of the court; that the statute required his signature upon the writ; that the absence of such signature rendered the writ a nullity from the beginning; and that therefore the court was without jurisdiction to amend this substantial defect. The controlling question, therefore, is whether the defect in the writ rendered it void *ab initio* and not amendable under our statutes, or whether such defect rendered it merely voidable, and amendable in the discretion of the court under the provisions of general laws 1938, chap. 519, § § 1 and 2.

The statutory requirements of a writ are stated in § 1, chap. 514, G. L. 1938, as follows: "Writs issuing from any court shall issue in the name of the State of Rhode Island and Providence Plantations, shall be under the seal of the court from which they issue, and shall be signed by the clerk or by one of the justices thereof." The verb "to issue" may have different meanings depending on its context; but in this section of the statute, the ordinary and natural meaning seems to be "to be given out officially; to be published . . . to deliver, or give out, as for use; to send out officially; to deliver by authority; to publish or utter; to emit; as, to issue an order, a writ." See Webster's New International Dictionary, (2d ed.) p. 1319. If

so construed, the provisions of the statute would seem to have been satisfied in this case when the clerk officially delivered the writ to the attorney for use as a process of the court.

The practice which has prevailed for many years also may be considered as bearing upon this construction and upon the question whether, under. chap. 514, § 1, the writ was void or merely voidable.

Under our practice a qualified attorney, who is therefore an officer of the court, may obtain from the clerk of the superior court a supply of writs without particular application to any case and without specific process or order of the court. Writs thus supplied are printed in the form provided by statute and have affixed thereto the seal of the court, authenticated by the signature of the clerk. The attorney may add, as future occasion demands, the date of a writ, the return-day, the names of parties and other necessary details, before delivering it to the sheriff for service. The writ so made out and served, when entered on the return-day thereof in the superior court for the county designated therein, operates as an original writ of summons, attachment, or arrest, as the case may be, without further act of court being required to give it validity. Such practice seems entirely consistent with the above construction of the statute and with the conclusion that the writ was valid when delivered by an authorized clerk to the attorney.

The requirement of the statute that the writ shall be signed by the clerk is merely to authenticate the court's seal. That result having been once accomplished by the signature of an authorized clerk, and the writ conforming in all other respects to the requirements of this statute, it is difficult for us to agree with petitioner's contention that such a writ never had any valid existence and that

it was void *ab initio*. On the contrary, we are of the opinion that the writ satisfied the statutory provisions and was valid when it was issued, that is, when it was officially given out or delivered by the clerk to another officer of the court as an authoritative writ to be used as a process of the court according to our practice; and that the subsequent defect, arising from a change in the personnel of the clerkship, over which neither party had any control, amounted to a technical misnomer or irregularity in the correctness of the name of the clerk.

The petitioner has cited several cases from other jurisdictions including Maine, New Hampshire and Vermont, which tend to support his contention that the defect is a substantial and fatal one. However, these cases mostly seem to have more extreme facts than those of the instant case, because they involve writs which were entirely lacking in a signature of the clerk or a seal, or both. On the other hand, the plaintiff has presented cases from other jurisdictions, including Massachusetts, which seem to go so far as to hold that, even without any signature of the clerk, the writ would be amendable under the liberal provisions of statutes of amendment substantially similar to ours.

However, in the instant case we are not required to hold that the entire absence of any signature of a clerk from the writ would be amendable. We merely hold that, under our statute and practice, the case comes within the permissive amendments referred to in *Potter* v. *Smith,* 7 R. I. 55. In that case, after citing and considering authorities with reference to amendment of certain defects in writs, the court said, among other things: "These amendments are in the discretion of the court; and that discretion has been exercised at different times, and amendment allowed as to all other requisites of a writ; as, *to the signature of*

*the clerk;* . . . and all upon the ground, that they were irregularities of process, or mere omissions of the clerk." (italics ours)

It is true that the above-quoted statements were not entirely necessary to the decision in that case; but the court expressly recognized such fact and deliberately added the strong *obiter dicta* in order to settle the practice with reference to amendments of writs under the prevailing statutes. At that time the requirements for writs under Rev. Stat. 1857, chap. 178, section 1, were substantially the same as in the present statute, G. L. 1938, chap. 514, § 1, at least in the requirement for a signature on the writ. Likewise, the statutes of amendments, then secs. 4 and 5, chap. 184, Rev. Stat. 1857, were substantially the same as those which are in force at the present time, namely, G. L. 1938, chap. 519, §§ 1 and 2. The petitioner has cited no case in Rhode Island, nor has any come to our attention, which has taken a different view from that expressed in the Potter case, *supra.*

For the reasons stated, the prayer of the petition is denied, the writ of *certiorari* heretofore issued is quashed, and the cause is remanded to the superior court for further proceedings.

*Charles R. Easton, Ralph Rotondo,* for plaintiff.

*Forrest B. Morgan,* for defendant, petitioner.